JEWETT, RECEIVER, &c., *vs.* BOWMAN and another.

1. Writ of *ne exeat* declared void for service on Sunday, and bond given thereon ordered to be canceled.

2. A defendant is entitled to the benefit of his sworn answer to the charges of the bill upon which a *ne exeat* issued.

---

Bill for relief. On motion to discharge *ne exeat* and to cancel bond given thereon, and to vacate the order for the writ. On the bill and the answer of the defendant Bowman and the affidavits annexed thereto, respectively.

*Mr. T. N. McCarter*, for motion.

*Mr. Cortlandt Parker*, contra.

THE CHANCELLOR.

On the filing of the bill, a *ne exeat* was ordered against the defendant, Henry Bowman. Under the writ, he was arrested by the sheriff of the county of Passaic, on Sunday, the 2d day of April last, and on that day, to relieve himself from custody, he gave bond of that date, to the sheriff, with condition that he would not go, nor attempt to go into parts without this state, without the leave of this court. Having answered the bill, he now moves to set aside the service of the writ, because it was made on Sunday, and, for the like reason, to discharge the bond; and he also moves, on the answer and the annexed affidavits, to vacate the order for the writ. By the fifth section of the act " for suppressing vice and immorality," (*Revision, p. 818,*) it is enacted that "no person or persons, upon the first day of the week, commonly called Sunday, shall serve or execute, or cause to be served or executed, any writ, process, warrant, order, judgment, or decree, (except in criminal cases, or for breach of the peace,) but that the service of every such writ, process, warrant, order, judgment, or decree, shall be void to all intents and purposes whatsoever; and the person or persons so serving or executing the same shall be as liable to the suit of the party grieved, and to answer damages to him for doing thereof, as if he or they had done the same without any writ, process, warrant, order, judgment, or decree." The service of the writ in question was, therefore, illegal and void. It is true that in *Ex parte Whitchurch,* 1 *Atk.* 55, a discharge was denied to the petitioner, who had been arrested on Sunday by the Lord Chancellor's tipstaff, under a warrant of the court for a contempt in disobeying an order. Lord Hardwicke, however, not only doubted at first whether the arrest could, in view of the statute, 29 *Car. II., ch.* 7, § 6, (of which the section of our act above quoted is an almost exact copy,) be sustained, but, although on consideration he thought it lawful, though made on Sunday, he upheld it on the ground that the petitioner voluntarily surrendered himself, and the order and warrant of commitment (the latter being directed

to the jailer) were different from processes of other courts issuing to sheriffs and other ministerial officers, and also because the petitioner might have a *habeas corpus,* and might bring an action of false imprisonment. The plain language of the act leaves no room for doubt in this case. The service will be declared void, and the bond will be ordered to be canceled.

The question remains, whether the order for a *ne exeat* shall be vacated. Upon this question, the defendant is entitled to the benefit of his sworn answer. *Parker* v. *Parker,* 1 *Beas.* 105 ; *Thorne* v. *Halsey,* 7 *Johns. C. R.* 189 ; *Dick* v. *Swinton,* 1 *Ves. & B.* 371 ; *De Carriere* v. *De Calonne,* 4 *Ves.* 577 ; *Roddam* v. *Hetherington,* 5 *Ves.* 91 ; *Russell* v. *Asby, Id.* 96 ; *Leo* v. *Lambert,* 3 *Russ.* 417 ; *Myer* v. *Myer,* 10 *C. E. Green* 28. The demand set up in the bill is an equitable one. It arises out of the alleged abuse by Bowman of his trust as agent for the complainant. The statements of the bill and of the affidavits annexed to it, show an equitable demand to the amount, at least, of the sum with which the writ was endorsed. The affidavits were deemed to be sufficiently positive in reference to the transaction between Bowman and Dringer, by which the former sold to the latter one thousand tons of old car wheels, at $19 a ton, to warrant, in connection with the evidence of the intention of Bowman to leave the state, the award of the writ. The bill prays an answer on oath, and Bowman has answered accordingly. As the case now stands, with the denials and statements of the answer, and the affidavits annexed thereto, the order for a *ne exeat* should be vacated. They show that his sickness was not feigned, but real, and that the departure of his wife for Maryland was in no wise a just ground for suspicion against him. It appears, indeed, that she returned from her visit on the very day on which the bill was filed. The significance of the facts relied on as evidence of his intention to leave the state, is wholly destroyed.